UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PRIMERICA LIFE INSURANCE COMPANY,

    Plaintiff,[1]

    v.

PERRY L. SMART; WANDA CLARK; and MORGAN JONES FUNERAL HOME, INC.,

    Defendants.

No. 2:21-cv-00422 KJM AC

ORDER

Defendant Perry L. Smart has filed a motion for default judgment against her two co-defendants, Wanda Clark and Morgan Jones Funeral Home. ECF No. 21. The clerk of court entered default against Ms. Clark and the defendant funeral home. ECF Nos. 15, 18. Because moving defendant Smart seeks judgment in her favor awarding her the interpleader funds deposited in this case, and there is no complaint before the court alleging that she is entitled to such interpleader funds, the motion cannot be granted.

    I.    Procedure for Default

A party seeking default judgment must first request entry of default from the Clerk's

---

[1] Plaintiff has been terminated from this action, as reflected on the docket and explained below. The dispute before the court is among defendants.

1

Office under Fed. R. Civ. P. 55(a).  The court Clerk determines whether entry is appropriate by reviewing the requesting party's request and accompanying documentation.  If the Clerk finds that the facts establish a failure to plead or otherwise defend, the Clerk will enter a default without any need for a judicial order.  A default entry is not a judgment, but it is a necessary precondition for judgment.

If the plaintiff is granted entry of default by the Clerk of the Court, plaintiff may apply to the court to obtain a default judgement.  Fed. R. Civ. Proc. 55(b)(2).  Plaintiff must file a motion for entry of default judgment and notice the motion for hearing before the undersigned pursuant to Local Rule 230.  The motion may be made any time after entry of defendant's default.

However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."  PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments).  Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court will consider the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily disfavored.  Id. at 1472.

As a general rule, once default is entered by the Clerk, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam).  Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

1  Any motion for default judgment under Fed. R. Civ. Proc. 55(b)(2) should address the factors set forth in Eitel v. McCool, above.

## II.  Circumstances of This Case

This case presents an unusual situation.  Plaintiff Primerica Life Insurance Company brought its complaint in interpleader against the three co-defendants.  ECF No. 1.  Primerica alleged that it insured an individual named Aaron L. Macon ("insured") with a policy that provided payment upon death to a beneficiary designated by the insured.  Id. at 3.  Following the death of the insured, defendant Smart (the named beneficiary), submitted a claim for the benefit.  Id.  However, Primerica was informed and believes that defendant Smart purported to assign $6,907.72 of the benefit to the defendant funeral home.  Id.  Further, Primerica was informed and believes that the insured's death is being actively investigated as a homicide, and that defendant Smart has not been ruled out as a possible suspect in the ongoing criminal investigation (though Primerica does not assert she is responsible for the death).  Id. at 4.  Primerica alleges that under California's "Slayer Statutes" (Cal. Probate Code §§ 250, 252), if defendant Smart were determined to have intentionally killed the insured, the benefit would not be payable to Smart but instead to the contingent beneficiary, defendant Clark.  Id.  Primerica, concerned about facing competing and adverse claims to the benefit, brought this case in interpleader to place the benefit amount with the court so that the potential claimants could litigate amongst themselves.  The funds were deposited in the court registry on May 25, 2021.  See docket notation dated May 25, 2021.  No cross-claims have been filed by any defendant.

On September 16, 2021, District Judge Kimberly J. Mueller signed a stipulation discharging Primerica from this lawsuit, awarding it attorneys' fees, and enjoining the defendants in interpleader from suing Primerica with respect to the policy at issue.  ECF No. 25.  Thus, the current state of this case is that there is no plaintiff and there are three defendants, two of whom the Clerk of Court has found in default.  The four-page points and authorities document associated with the motion for default judgment at issue here, brought by defendant Smart against her co-defendants, appears to assert that the dismissed plaintiff's complaint is meritorious, and that she is therefore entitled to the interpleader funds.  ECF No. 21-3 at 3.

3

### III. Analysis

Defendant Smart's motion for default judgment cannot be granted for several reasons, the most glaring of which is that she has not filed a cross-complaint against her two defaulted co-defendants. There is no pleading in this case that asserts defendant Smart is entitled to the interpleader funds now deposited with the court. Before the court can enter a default judgment that would award the funds to defendant Smart, she would need to file a complaint against her co-defendants alleging she is entitled to the funds (and setting forth specific factual allegations sufficient to demonstrate that entitlement), serve that complaint, and obtain a Clerk's entry of default entered as to that complaint. Smart cannot seek judgment in her own favor based on Primerica's complaint, which asserts and can vindicate only Primerica's interests.

As a secondary matter, defendant Smart's motion and accompanying points and authorities are conclusory and deficient. A future motion for default judgment brought properly upon a complaint alleging Smart is entitled to the interpleader funds would also need to provide the court with a more detailed argument as to why default judgment is appropriate under each of the Eitel factors.

### IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that the motion for default judgment at ECF No. 21 is DENIED without prejudice.

DATED: September 28, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE