1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT
9               FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   PRIMERICA LIFE INSURANCE              No.  2:21-cv-00422 KJM AC
     COMPANY,
12
                   Plaintiff,[1]
13                                         ORDER and
     v.
14                                         FINDINGS AND RECOMMENDATIONS
     PERRY L. SMART; WANDA CLARK;
15   and MORGAN JONES FUNERAL
     HOME, INC.,
16
                   Defendants.
17
18
19       Defendant Perry L. Smart has filed a motion for default judgment against her two co-

20   defendants, Wanda Clark and Morgan Jones Funeral Home.  ECF No. 21.  The clerk of court

21   entered default against Ms. Clark and the defendant funeral home.  ECF Nos. 15, 18.  Because

22   moving defendant Smart seeks judgment in her favor awarding her the interpleader funds

23   deposited in this case, and there is no complaint before the court alleging that she is entitled to

24   such interpleader funds, the motion cannot be granted.  The undersigned initially issued an order

25   denying the motion.  ECF No. 26.  This was in error.  These findings and recommendations

26   contain the same analysis and conclusion as the order at ECF No. 26, which is VACATED.

27
     _____
28   [1]  Plaintiff has been terminated from this action, as reflected on the docket and explained below.
     The dispute before the court is among defendants.

                                        1

1          I.     Procedure for Default

2          A party seeking default judgment must first request entry of default from the Clerk's

3  Office under Fed. R. Civ. P. 55(a).  The court Clerk determines whether entry is appropriate by

4  reviewing the requesting party's request and accompanying documentation.  If the Clerk finds

5  that the facts establish a failure to plead or otherwise defend, the Clerk will enter a default

6  without any need for a judicial order.  A default entry is not a judgment, but it is a necessary

7  precondition for judgment.

8          If the plaintiff is granted entry of default by the Clerk of the Court, plaintiff may apply to

9  the court to obtain a default judgement.  Fed. R. Civ. Proc. 55(b)(2).  Plaintiff must file a motion

10  for entry of default judgment and notice the motion for hearing before the undersigned pursuant

11  to Local Rule 230.  The motion may be made any time after entry of defendant's default.

12          However, "[a] defendant's default does not automatically entitle the plaintiff to a court-

13  ordered judgment."  PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002)

14  (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b)

15  (governing the entry of default judgments).  Instead, the decision to grant or deny an application

16  for default judgment lies within the district court's sound discretion.  Aldabe v. Aldabe, 616 F.2d

17  1089, 1092 (9th Cir. 1980).  In making this determination, the court will consider the following

18  factors:

19                (1) the possibility of prejudice to the plaintiff; (2) the merits of
                  plaintiff's substantive claim; (3) the sufficiency of the complaint; (4)
20                the sum of money at stake in the action; (5) the possibility of a dispute
                  concerning material facts; (6) whether the default was due to
21                excusable neglect; and (7) the strong policy underlying the Federal
                  Rules of Civil Procedure favoring decisions on the merits.
22

23  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily

24  disfavored.  Id. at 1472.

25          As a general rule, once default is entered by the Clerk, well-pleaded factual allegations in

26  the operative complaint are taken as true, except for those allegations relating to damages.

27  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam).  Although

28  well-pleaded allegations in the complaint are admitted by a defendant's failure to respond,

2

"necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992). Any motion for default judgment under Fed. R. Civ. Proc. 55(b)(2) should address the factors set forth in Eitel v. McCool, above.

II.      Circumstances of This Case

This case presents an unusual situation.  Plaintiff Primerica Life Insurance Company brought its complaint in interpleader against the three co-defendants. ECF No. 1.  Primerica alleged that it insured an individual named Aaron L. Macon ("insured") with a policy that provided payment upon death to a beneficiary designated by the insured.  Id. at 3.  Following the death of the insured, defendant Smart (the named beneficiary), submitted a claim for the benefit. Id.  However, Primerica was informed and believes that defendant Smart purported to assign $6,907.72 of the benefit to the defendant funeral home.  Id.  Further, Primerica was informed and believes that the insured's death is being actively investigated as a homicide, and that defendant Smart has not been ruled out as a possible suspect in the ongoing criminal investigation (though Primerica does not assert she is responsible for the death).  Id. at 4.  Primerica alleges that under California's "Slayer Statutes" (Cal. Probate Code §§ 250, 252), if defendant Smart were determined to have intentionally killed the insured, the benefit would not be payable to Smart but instead to the contingent beneficiary, defendant Clark.  Id.  Primerica, concerned about facing competing and adverse claims to the benefit, brought this case in interpleader to place the benefit amount with the court so that the potential claimants could litigate amongst themselves.  The funds were deposited in the court registry on May 25, 2021.  See docket notation dated May 25, 2021.  No cross-claims have been filed by any defendant.

On September 16, 2021, District Judge Kimberly J. Mueller signed a stipulation discharging Primerica from this lawsuit, awarding it attorneys' fees, and enjoining the defendants in interpleader from suing Primerica with respect to the policy at issue. ECF No. 25.  Thus, the current state of this case is that there is no plaintiff and there are three defendants, two of whom the Clerk of Court has found in default.  The four-page points and authorities document associated with the motion for default judgment at issue here, brought by defendant Smart against

3

1    her co-defendants, appears to assert that the dismissed plaintiff's complaint is meritorious, and

2    that she is therefore entitled to the interpleader funds.  ECF No. 21-3 at 3.

3                                   III.    <u>Analysis</u>

4         Defendant Smart's motion for default judgment cannot be granted for several reasons, the

5    most glaring of which is that she has not filed a cross-complaint against her two defaulted co-

6    defendants.  There is no pleading in this case that asserts defendant Smart is entitled to the

7    interpleader funds now deposited with the court.  Before the court can enter a default judgment

8    that would award the funds to defendant Smart, she would need to file a complaint against her co-

9    defendants alleging she is entitled to the funds (and setting forth specific factual allegations

10   sufficient to demonstrate that entitlement), serve that complaint, and obtain a Clerk's entry of

11   default entered as to that complaint.  Smart cannot seek judgment in her own favor based on

12   Primerica's complaint, which asserts and can vindicate only Primerica's interests.

13        As a secondary matter, defendant Smart's motion and accompanying points and

14   authorities are conclusory and deficient.  A future motion for default judgment brought properly

15   upon a complaint alleging Smart is entitled to the interpleader funds would also need to provide

16   the court with a more detailed argument as to why default judgment is appropriate under each of

17   the <u>Eitel</u> factors.

18                                   IV.    Conclusion

19        For the reasons set forth above, IT IS HEREBY ORDERED that the order at ECF No. 26

20   is VACATED.

21        Further, it is HEREBY RECOMMENDED that the motion for default judgment at ECF

22   No. 21 be DENIED without prejudice.

23        These findings and recommendations are submitted to the United States District Judge

24   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

25   after being served with these findings and recommendations, parties may file written objections

26   with the court and serve a copy on all parties.  <u>Id.</u>; <u>see also</u> Local Rule 304(b).  Such a document

27   should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure

28   to file objections within the specified time may waive the right to appeal the District Court's

1  order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153,

2  1156-57 (9th Cir. 1991).

3  DATED: September 30, 2021

4  ALLISON CLAIRE
5  UNITED STATES MAGISTRATE JUDGE