1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PRIMERICA LIFE INSURANCE            No.  2:21-cv-0422 KJM-AC
     COMPANY,
12
                   Plaintiff,[1]
13
            v.
14
     PERRY L. SMART; WANDA CLARK;
15   and MORGAN JONES FUNERAL          FINDINGS AND RECOMMENDATIONS
     HOMES INC.,
16
                   Defendants.
17

18   ──────────────────────────

19   PERRY L. SMART,

20                   Cross-Claimant,

21          v.

22   WANDA CLARK and MORGAN JONES
     FUNERAL HOMES, INC.,
23
                   Cross-Defendants.
24
         Cross-complainant Perry L. Smart has filed a motion for default judgment against co-
25
     defendants Wanda Clark and Morgan Jones Funeral Home ("MJFH").  ECF No. 36.  The motion
26
     ────────────────
27   [1]  Plaintiff has been terminated from this action, as reflected on the docket and explained below.
     The dispute before the court is among defendants.
28

                                     1

is based on Smart's cross-complaint against Clark and MJFH.  ECF No. 28.  The Clerk of court has entered default against Clark and MJFH based on failure to respond to the cross-complaint. ECF Nos. 34, 35.  For the reasons discussed below, the undersigned recommends the motion be denied.

## I.      Procedure for Default

A party seeking default judgment must first request entry of default from the Clerk's Office under Fed. R. Civ. P. 55(a).  The court Clerk determines whether entry is appropriate by reviewing the requesting party's request and accompanying documentation.  If the Clerk finds that the facts establish a failure to plead or otherwise defend, the Clerk will enter a default without any need for a judicial order.  A default entry is not a judgment, but it is a necessary precondition for judgment.

If the plaintiff is granted entry of default by the Clerk of the Court, plaintiff may apply to the court to obtain a default judgement.  Fed. R. Civ. Proc. 55(b)(2).  Plaintiff must file a motion for entry of default judgment and notice the motion for hearing before the undersigned pursuant to Local Rule 230.  The motion may be made any time after entry of defendant's default.

However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."  PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments).  Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court will consider the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily disfavored.  Id. at 1472.

As a general rule, once default is entered by the Clerk, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam).  Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992). Any motion for default judgment under Fed. R. Civ. Proc. 55(b)(2) should address the factors set forth in Eitel v. McCool, above.

## II.     Circumstances of This Case

Plaintiff Primerica Life Insurance Company brought its complaint in interpleader against the three co-defendants.  ECF No. 1.  Primerica alleged that it insured an individual named Aaron L. Macon ("insured") with a policy that provided payment upon death to a beneficiary designated by the insured.  Id. at 3.  Following the death of the insured, defendant Smart (the named beneficiary), submitted a claim for the benefit.  Id.  However, Primerica was informed and believes that defendant Smart purported to assign $6,907.72 of the benefit to the defendant funeral home.  Id.  Further, Primerica was informed and believes that the insured's death is being actively investigated as a homicide, and that defendant Smart has not been ruled out as a possible suspect in the ongoing criminal investigation (though Primerica does not assert she is responsible for the death).  Id. at 4.  Primerica alleges that under California's "Slayer Statutes" (Cal. Probate Code §§ 250, 252), if defendant Smart were determined to have intentionally killed the insured, the benefit would not be payable to Smart but instead to the contingent beneficiary, defendant Clark.  Id.  Primerica, concerned about facing competing and adverse claims to the benefit, brought this case in interpleader to place the benefit amount with the court so that the potential claimants could litigate amongst themselves.  The funds were deposited in the court registry on May 25, 2021.  See docket notation dated May 25, 2021.

On September 16, 2021, District Judge Kimberly J. Mueller signed a stipulation discharging Primerica from this lawsuit, awarding it attorneys' fees, and enjoining the defendants in interpleader from suing Primerica with respect to the policy at issue.  ECF No. 25.  This left the

3

1  case with no plaintiff and three defendants, two of whom (Clark and MJFH) the Clerk of Court

2  found in default.  Smart filed a motion for default judgment on July 19, 2021.  ECF No. 21.  That

3  motion was denied without prejudice because at that time, Smart, Clark and MJFH were all co-

4  defendants and Smart had no claims upon which default judgment could be entered.  ECF Nos.

5  27, 38.  On October 3, 2021, Smart filed a cross-complaint against Clark and MJFH.  ECF No.

6  28.  Clark and MJFH were served (ECF Nos. 30, 31) and the Clerk entered default against them

7  (ECF Nos. 34, 35).  Smart then filed a second motion for default judgment, is before the court.

8  ECF No. 36.

9  **III.    Analysis**

10      A.  The Eitel Factors

11          1.  Factor One: Possibility of Prejudice to Plaintiff

12      The first Eitel factor considers whether the plaintiff would suffer prejudice if default

13  judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a

14  default judgment.  See PepsiCo, Inc., 238 F.Supp.2d at 1177.  Here, cross-plaintiff would suffer

15  prejudice if the court did not enter a default judgment because it would be without recourse for

16  recovery.  Accordingly, the first Eitel factor favors the entry of default judgment.

17          2.  Factors Two and Three: Merits of Claims and Sufficiency of Complaint

18      The merits of plaintiff's substantive claims and the sufficiency of the complaint are

19  considered here together because of the relatedness of the two inquiries.  The court must consider

20  whether the allegations in the cross-complaint are sufficient to state a claim that supports the

21  relief sought.  See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F.Supp.2d at 1175.  Here, the

22  merits of the claims and sufficiency of the cross-complaint strongly disfavor entry of default

23  judgment.

24      The substantive facts alleged in the operative cross-complaint are as follows:

25          In or about 2016, Primerica issued a life insurance policy, number
           0490341061 (the 'Policy'), to Aaron L. Macon (the 'Insured').  The
26          Policy provided for the payment of a death benefit (the 'Benefit') in
           the event of the Insured's death, as further set forth in the Policy, to
27          the beneficiary or beneficiaries designated by the Insured.  The
           Insured's application for the Policy designated Cross-Complainant
28

4

1    as the Policy's sole primary beneficiary, and Clark as the sole
2    contingent beneficiary.

3    ECF no. 28 at 2.  The cross-complaint states that "[b]ased on the above facts, as sole primary

4    beneficiary under the Policy, Cross-Complainant is entitled to all the funds deposited with the

5    Court in this matter."  Id. at 28.

6         The cross complaint does not include a copy of the life insurance policy at issue, nor does

7    it address the purported assignment of the benefit money described in the original complaint in

8    this case or address the concerns about the application of California's slayer statute raised in the

9    original complaint.  The cross-complaint is so conclusory and devoid of supporting facts that,

10   even taking all allegations as true, judgment cannot be granted in cross-claimant's favor.  The

11   cross-complaint does not even identify a legal basis for relief.  The motion for default judgment

12   itself provides no assistance to the court and is entirely deficient.  ECF No. 36.  It contains no

13   legal analysis whatsoever.  Instead, it briefly recites the procedural history of the case and then

14   states that Smart seeks a default judgment awarding all remaining proceeds deposited with the

15   court.  ECF No. 36 at 1-3.  The cross-complaint and the motion do not support entry of default

16   judgment in this case.

17        3.  Factor Four: The Sum of Money at Stake in the Action

18        Under the fourth Eitel factor, the court considers the amount of money at stake in relation

19   to the seriousness of defendant's conduct.  Because the cross-complaint seeks only issuance of the

20   interpleader death benefit funds deposited with this court and there is no particular conduct of any

21   defendant at issue, this factor weighs neither for nor against entry of default judgment.

22        4.  Factor Five: Possibility of Dispute Concerning Material Facts

23        The court may assume the truth of well-pleaded facts in the operative cross-complaint

24   (except as to damages) following the clerk's entry of default.  See, e.g., Elektra Entm't Group Inc.

25   v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded

26   complaint are taken as true after the court clerk enters default judgment, there is no likelihood that

27   any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500;

28   PepsiCo, Inc., 238 F.Supp.2d at 1177.  Here, there are no facts that can be considered "well

1  pleaded."  Because the facts are unclear and unsupported, even taking what is stated as true, there

2  is ample room for factual dispute.  This factor weighs against entry of default judgment.

3       5.   Factor Six: Whether Default Was Due to Excusable Neglect

4       Upon review of the record before the court, there is no clear indication that the default was

5  the result of excusable neglect.  See PepsiCo, Inc., 238 F.Supp.2d at 1177.  Plaintiff served MJFH

6  and Clark with the summons and complaint.  ECF Nos. 8 and 9.  Cross-plaintiff Perry also served

7  Clark and MJFH with the cross-complaint.  ECF Nos. 30 and 31.  However, it does not appear

8  plaintiff served defendants by mail with notice of the application for default judgment.  See ECF

9  No. 36 (no reference to service).  This factor thus weighs neutrally.

10       6.   Factor Seven: Policy Favoring Decisions on the Merits

11       "Cases should be decided upon their merits whenever reasonably possible."  Eitel, 782

12  F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing

13  alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.

14  PepsiCo, Inc., 238 F.Supp.2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694

15  F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010).  Accordingly, although the court is cognizant of

16  the policy favoring decisions on the merits – and consistent with existing policy would prefer that

17  this case be resolved on the merits – that policy does not, by itself, preclude the entry of default

18  judgment.

19       7.   Conclusion: Propriety of Default Judgment

20       Upon consideration of all the Eitel factors, the court concludes that plaintiff is not entitled

21  to the entry of default judgment against Clark or MJFH.  The facts alleged do not support an entry

22  of judgment and Smart provided no legal support for entry of judgment.  Default judgment is thus

23  not appropriate.

## IV.   Conclusion

25       It is RECOMMENDED THAT Perry Smart's November 24, 2021 motion for default

26  judgment (ECF No. 36) be DENIED.

27       These findings and recommendations are submitted to the United States District Judge

28  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

1  after being served with these findings and recommendations, any party may file written

2  objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a

3  document should be captioned "Objections to Magistrate Judge's Findings and

4  Recommendations."  Any response to the objections shall be filed with the court and served on all

5  parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file

6  objections within the specified time may waive the right to appeal the District Court's order.

7  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57

8  (9th Cir. 1991).

9  DATED: January 31, 2022

10                                                                    ALLISON CLAIRE

11                                                                    UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28