UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY,<br><br>             Plaintiff,[1]<br><br>     v.<br><br>PERRY L. SMART; WANDA CLARK; and MORGAN JONES FUNERAL HOMES INC.,<br><br>             Defendants. | No. 2:21-cv-0422 KJM-AC<br><br>ORDER |
| PERRY L. SMART,<br><br>             Cross-Claimant,<br><br>     v.<br><br>WANDA CLARK and MORGAN JONES FUNERAL HOMES, INC.,<br><br>             Cross-Defendants. | |

/////

/////

---

[1] Plaintiff has been terminated from this action, as reflected on the docket and explained below. The dispute before the court is among defendants.

1

In this interpleader action, cross-claimant Perry L. Smart moves for default judgment under Federal Rule of Civil Procedure 55(b)(2). The matter was referred to a United States Magistrate Judge as provided by Local Rule 302(c)(19).

On February 1, 2022, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Cross-claimant has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, for the reasons explained below, the court declines to adopt the findings and recommendations and refers the matter back to the assigned magistrate judge for further proceedings.

As the magistrate judge set out in the findings and recommendations, plaintiff Primerica Life Insurance Company brought this interpleader action against three co-defendants Perry L. Smart, Wanda Clark, and Morgan Jones Funeral Home to resolve competing claims to death benefits under Aaron L. Macon's life insurance policy. ECF No. 39 at 3. Cross-claimant Smart filed a cross-complaint against Clark and the Funeral Home, alleging she is entitled to the full amount of the death benefits. *Id.* at 4. The clerk entered default against Clark and Funeral Home, and cross-claimant filed the instant motion for default judgment. *Id*. The magistrate judge finds that the cross-complaint and motion do not support an entry of default judgment because they "do[ ] not include a copy of the life insurance at issue, nor . . . address the concerns about the application of California's slayer statute raised in the original complaint." *Id.* at 5.

In her objections to the findings and recommendations, cross-claimant now provides a copy of the life insurance policy at issue. *See* Smart Decl., Ex. 1, ECF No. 42. She further provides information in response to the suggestion that the slayer statute applies. *See* Obj. at 1–2, ECF No. 40. Good cause appearing, this matter will be referred back to the assigned magistrate judge for further proceedings, including consideration of whether cross-claimant's new allegations and evidence are sufficient to support an entry of default judgment.

/////

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 1, 2022 are **not adopted**; and
2. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

DATED: September 9, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE