UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY,<br><br>      Plaintiff,[1]<br><br>    v.<br><br>PERRY L. SMART; WANDA CLARK; and MORGAN JONES FUNERAL HOMES INC.,<br><br>      Defendants. | No. 2:21-cv-0422 KJM AC<br><br><u>ORDER</u> and<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |
| PERRY L. SMART,<br><br>      Cross-Claimant,<br><br>    v.<br><br>WANDA CLARK and MORGAN JONES FUNERAL HOMES, INC.,<br><br>      Cross-Defendants. | |

Cross-complainant Perry L. Smart has filed a motion for default judgment against co-defendants Wanda Clark and Morgan Jones Funeral Home ("MJFH"). ECF No. 36. The motion

---

[1] Plaintiff has been terminated from this action, as reflected on the docket and explained below. The dispute before the court is among defendants.

1

is based on Smart's cross-complaint against Clark and MJFH. ECF No. 28. The Clerk of Court has entered default against Clark and MJFH based on their failure to respond to the cross-complaint. ECF Nos. 34, 35. The undersigned initially recommended denial of the motion for insufficient factual detail, as described below. Smart remedied the issues in objections to the undersigned's recommendation, and the District Judge referred the motion back to the undersigned. Upon review of the newly provided information, the undersigned recommends the motion for default judgment be granted.

## I.     Procedure for Default

A party seeking default judgment must first request entry of default from the Clerk's Office under Fed. R. Civ. P. 55(a). The Clerk determines whether entry is appropriate by reviewing the requesting party's request and accompanying documentation. If the Clerk finds that the facts establish a failure to plead or otherwise defend, the Clerk will enter a default without any need for a judicial order. A default entry is not a judgment, but it is a necessary precondition for judgment.

If the plaintiff is granted entry of default by the Clerk of the Court, plaintiff may apply to the court to obtain a default judgement. Fed. R. Civ. Proc. 55(b)(2). Plaintiff must file a motion for entry of default judgment and notice the motion for hearing before the undersigned pursuant to Local Rule 230. The motion may be made any time after entry of defendant's default.

However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court will consider the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to

> excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily disfavored.  Id. at 1472.

As a general rule, once default is entered by the Clerk, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam).  Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992). Any motion for default judgment under Fed. R. Civ. Proc. 55(b)(2) should address the factors set forth in Eitel v. McCool, above.

## II.     Circumstances of This Case

Plaintiff Primerica Life Insurance Company brought its complaint in interpleader against the three co-defendants.  ECF No. 1.  Primerica alleged that it insured an individual named Aaron L. Macon ("insured") with a policy that provided payment upon death to a beneficiary designated by the insured.  Id. at 3.  Following the death of the insured, defendant Smart (the named beneficiary), submitted a claim for the benefit.  Id.  However, Primerica was informed and believes that defendant Smart purported to assign $6,907.72 of the benefit to the defendant funeral home.  Id.  Further, Primerica was informed and believes that the insured's death is being actively investigated as a homicide, and that defendant Smart has not been ruled out as a possible suspect in the ongoing criminal investigation (though Primerica does not assert she is responsible for the death).  Id. at 4.  Primerica alleged that under California's "Slayer Statutes" (Cal. Probate Code §§ 250, 252), if defendant Smart were determined to have intentionally killed the insured, the benefit would not be payable to Smart but instead to the contingent beneficiary, defendant Clark.  Id.  Primerica, concerned about facing competing and adverse claims to the benefit, brought this case in interpleader to place the benefit amount with the court so that the potential claimants could litigate amongst themselves.  The funds were deposited in the court registry on

3

May 25, 2021.  See docket notation dated May 25, 2021.

On September 16, 2021, District Judge Kimberly J. Mueller signed a stipulation discharging Primerica from this lawsuit, awarding it attorneys' fees, and enjoining the defendants in interpleader from suing Primerica with respect to the policy at issue.  ECF No. 25.  This left the case with no plaintiff and three defendants, two of whom (Clark and MJFH) the Clerk of Court found in default.  ECF Nos. 15, 18.  Smart filed a motion for default judgment on July 19, 2021.  ECF No. 21.  That motion was denied without prejudice because at that time, Smart, Clark and MJFH were all co-defendants and Smart had no claims upon which default judgment could be entered.  ECF Nos. 27, 38.  On October 3, 2021, Smart filed a cross-complaint against Clark and MJFH.  ECF No. 28.  Clark and MJFH were served (ECF Nos. 30, 31) and the Clerk entered default against them as to the cross-complaint (ECF Nos. 34, 35).

Smart then filed a second motion for default judgment.  ECF No. 36.  The undersigned reviewed the motion and recommended it be denied because Smart did not include a copy of the life insurance policy at issue and failed to address material issues including the assignment of the benefit money described in the original complaint and the concerns about the application of California's slayer statute raised in the original complaint.  ECF No. 39.

Following the undersigned's issuance of findings and recommendations, Smart submitted a statement under penalty of perjury that she did not kill the insured.  ECF No. 42 at 2.  Smart also submitted a copy of the insurance application naming Smart as the primary insured's sole beneficiary, which she states under penalty of perjury was provided to her by former plaintiff Primerica Life Insurance Company.  ECF No. 42 at 7.  Considering these additional submissions, Chief District Judge Kimberly J. Mueller did not adopt the findings and recommendations and instead submitted the matter back to the undersigned for further review.  ECF No. 44.

### III.   Analysis

The application for default judgment is made upon plaintiff's crossclaim for entitlement to interpleaded funds, located at ECF No. 28, pursuant to Fed. R. Civ. P. 22.

////

////

A. The Eitel Factors

1. Factor One: Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. See PepsiCo, Inc., 238 F.Supp.2d at 1177. Here, cross-plaintiff Smart would suffer prejudice if the court did not enter a default judgment because she would be without recourse for recovery of the interpleaded funds. Accordingly, the first Eitel factor favors the entry of default judgment.

2. Factors Two and Three: Merits of Claims and Sufficiency of Complaint

The merits of plaintiff's substantive claims and the sufficiency of the complaint are considered here together because of the relatedness of the two inquiries. The court must consider whether the allegations in the cross-complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F.Supp.2d at 1175. The substantive facts alleged in the operative cross-complaint are as follows:

> In or about 2016, Primerica issued a life insurance policy, number 0490341061 (the 'Policy'), to Aaron L. Macon (the 'Insured'). The Policy provided for the payment of a death benefit (the 'Benefit') in the event of the Insured's death, as further set forth in the Policy, to the beneficiary or beneficiaries designated by the Insured. The Insured's application for the Policy designated Cross-Complainant as the Policy's sole primary beneficiary, and Clark as the sole contingent beneficiary.

ECF No. 28 at 2. The cross-complaint states that "[b]ased on the above facts, as sole primary beneficiary under the Policy, Cross-Complainant is entitled to all the funds deposited with the Court in this matter." Id. at 28.

"A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted if service was properly effected upon them.' The Court may accordingly, in its discretion, grant default judgment against the non-appearing interpleader defendants where the only remaining claimants demonstrate their entitlement to the funds and do not dispute the respective distributions." Standard Ins. Co. v. Asuncion, 43 F. Supp. 3d 1154, 1156 (W.D. Wash. 2014) (quoting Sun Life

5

Assur. Co. of Canada, (U.S.) v. Conroy, 431 F.Supp.2d 220, 226 (D.R.I. 2006)); see also Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (appearing claimants must demonstrate entitlement to benefits); Nationwide Mutual Fire Ins. Co. v. Eason, 736 F.2d 130, 133 n. 6 (4th Cir. 1984) ("Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund.").

Smart adequately alleges she is the sole primary beneficiary of the insurance policy at issue. Clark and MJFH defaulted both in relation to the original interpleader complaint and Smart's cross-complaint. Accordingly, it is within the court's discretion to grant default judgment against the non-appearing interpleader defendants. Because Smart is the only interpleader defendant and cross-plaintiff that has appeared and made a claim against the interpleaded funds, the second and third Eitel factors weigh strongly in favor of default judgment.

### 3. Factor Four: The Sum of Money at Stake in the Action

Under the fourth Eitel factor, the court considers the amount of money at stake in relation to the seriousness of defendant's conduct. Because the cross-complaint seeks only issuance of the interpleader death benefit funds deposited with this court, and there is no particular conduct of any defendant at issue, this factor weighs neither for nor against entry of default judgment.

### 4. Factor Five: Possibility of Dispute Concerning Material Facts

The court may assume the truth of well-pleaded facts in the operative cross-complaint (except as to damages) following the clerk's entry of default. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F.Supp.2d at 1177. Smart alleges in her cross-complaint that she is the sole primary beneficiary of the policy at issue.[2] Taking this pled fact as true, the undersigned finds this factor favors entry of default judgment.

////

---

[2] She has also submitted a copy of the policy, which supports the allegation. See ECF No. 42 at 4-14 (Exhibit A to Declaration of Perry L. Smart).

### 5. Factor Six: Whether Default Was Due to Excusable Neglect

On review of the record before the court, there is no clear indication that either default was the result of excusable neglect. See PepsiCo, Inc., 238 F.Supp.2d at 1177. Plaintiff Primerica served MJFH and Clark with the summons and complaint. ECF Nos. 8 and 9. Cross-plaintiff Perry served Clark and MJFH with the cross-complaint. ECF Nos. 30 and 31. Over eighteen months have passed since Primerica initiated this interpleader action, and neither Clark nor MJFH has taken any action to avoid default or assert a claim to the funds. It does not appear, however, that plaintiff served defendants by mail with notice of the application for default judgment. See ECF No. 36 (no reference to service). On balance, this factor therefore weighs neutrally.

### 6. Factor Seven: Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F.Supp.2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010). Accordingly, although the court is cognizant of the policy favoring decisions on the merits – and consistent with existing policy would prefer that this case be resolved on the merits – that policy does not, by itself, preclude the entry of default judgment.

### 7. Conclusion: Propriety of Default Judgment

Upon consideration of all the Eitel factors, the court concludes that plaintiff is entitled to the entry of default judgment against Clark and MJFH and is entitled to the insurance funds deposited with the court.

## IV. Conclusion

It is RECOMMENDED THAT Perry Smart's November 24, 2021 motion for default judgment (ECF No. 36) be GRANTED. Smart's request for a hearing (ECF No. 43) is DENIED as MOOT.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: September 29, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE